## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

BRIAN M. CASEY,

  Plaintiff,

v.           Case No.  4:24-cv-122-AW-MJF

RICKY DIXON,

  Defendant.

_____/

## __REPORT AND RECOMMENDATION__

Plaintiff has filed a civil rights complaint and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Plaintiff is a Florida prisoner (DC #139647) who admits that he has incurred three strikes under 28 U.S.C. § 1915(g). *See* Doc. 1 at 9 (identifying Case No. 2:11-cv-286-JES-SPC (M.D. Fla. 2011), No. 3:13-cv-461-LC-CJK (N.D. Fla. 2013), and No. 3:13-cv-92-RV-CJK (N.D. Fla. 2013)); *see also Casey v. Florida Dep't of Corr.*, No. 4:21-cv-00463-WS-MAF, 2022 WL 708744 (N.D. Fla. Jan. 28, 2022) (listing Plaintiff's prior cases that have been dismissed under 28 U.S.C. § 1915(g)), *report and recommendation adopted*, 2022 WL 704838 (N.D. Fla. Mar. 9, 2022); *Casey v. Fla. Dep't of Corr.*, No. 4:22-cv-270-AW-MAF,

2024 WL 413498, at *1 (N.D. Fla. Jan. 11, 2024) (Plaintiff's most recent case dismissed under § 1915(g)), *appeal filed*, No. 24-10691 (11th Cir. Mar. 7, 2024). The undersigned recommends that the District Court summarily dismiss this case under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process in failing to fully disclose his litigation history.

## I. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff is suing Ricky Dixon, the Secretary of the Florida Department of Corrections ("FDC") in his official capacity. Doc. 1 at 2. Plaintiff seeks to hold Dixon liable for a laundry list of alleged misconduct by FDC employees, including the following:

- FDC employees "seek to destroy Plaintiff's health and . . . caus[e] Plaintiff hardships so he cannot access the court by arbitrary confinement separating him from the law library and legal property." Doc. 1 at 5 ¶ 3;

- "[D]ecision makers and investigators of the F.D.O.C. conduct false investigations and create evidence Plaintiff is paranoid or creating false claims." *Id*. at 5-6 ¶ 3;

- Plaintiff "confronted" Secretary Dixon in 2018 about "ongoing abuses of confinement and fraudulent record building," and Dixon threatened Plaintiff "with bodily harm." *Id.* at 6 ¶ 4;

- After Plaintiff's conversation with Dixon in 2018, an unidentified correctional officer paid another inmate (Felix Killins) to attack Plaintiff "because of ongoing complaints since 2014." *Id.* at 6 ¶ 4;

- Plaintiff "is being attacked psychologically and physically by inmates." *Id.* at 6 ¶ 5;

- Plaintiff "cannot file complaints because he has been beaten by officers and threatened to stop filing complaints or court papers." *Id.* at 6 ¶ 5.

- Plaintiff "is being threatened with HIV and HVC [sic] infection by assault" because "[i]nmates are being paid to spread infected blood and feces containing HIV and HVC [sic] on Plaintiff's clothing, toothbrush and bedding," *id.* at 6 ¶ 6, which puts Plaintiff "in imminent danger" because he "has a skin and vein diseases that cause frequent ulcerations or skin breakage including bleeding gums disease." *Id.* at 15 ¶ 9;

● Plaintiff "is in imminent danger of being attacked at this time as reprisal for litigation of . . . Case No. 4:24-cv-00102 N.D. Fla.; 2:15-cv-696 M.D. Fla. and 2:16-cv-821 M.D. Fla." *Id.* at 15 ¶ 8;

● For years, FDC classification officers have refused to transfer Plaintiff to another state prison system and instead have transferred Plaintiff only to prisons within the FDC. *Id.* at 15 ¶ 10.

As relief, Plaintiff seeks a declaratory judgment that Dixon has violated the Constitution and unspecified state and federal laws, and an injunction requiring Dixon to transfer Plaintiff to a protective management unit in a prison located outside of Florida. *Id.* at 17.

## II. DISCUSSION

### A. <u>Screening of Plaintiff's Complaint</u>

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the

action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012).

**B.**  **Plaintiff's Reponses to Questions on the Complaint Form**

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 1 at 8-12, 14. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" *Id.* at 9. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Plaintiff did not mark an answer but disclosed the following nine federal cases:

- No. 1:17-cv-2797-ELR (N.D. Ga.);
- No. 3:13-cv-461-LC-CJK (N.D. Fla.);
- No. 3:13-cv-92-RV-CJK (N.D. Fla.);
- No. 2:11-cv-580-JES-SPC (M.D. Fla.);
- No. 2:11-cv-586-JES-SPC (M.D. Fla.);
- No. 2:11-cv-588-JES-SPC (M.D. Fla.);
- No. 2:11-cv-605-JES-SPC (M.D. Fla.);
- No. 2:11-cv-587-JES-SPC (M.D. Fla.); and
- No. 4:22-cv-9-MW-MAF (N.D. Fla.).

Doc. 1 at 9, 14.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts

or issue involved in this case?" Doc. 1 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Plaintiff marked "Yes" and disclosed the following six federal cases, including the judge assignments and, in some cases, the filing dates:

- *Casey v. Centurion*, No. 4:21-cv-0495-AW (N.D. Fla. Dec. 13, 2021);
- *Casey v. Centurion*, No. 4:21-cv-496-AW (N.D. Fla. Dec. 13, 2021);
- No. 4:23-cv-58-WS-MAF (N.D. Fla. Mar. 8, 2023);
- No. 4:23-cv-76-WS-MAF (N.D. Fla. Mar. 8, 2023);
- No. 4:21-cv-463-WS-MAF (N.D. Fla); and
- No. 4:19-cv-491-AW-MJF (N.D. Fla.).[1]

Doc. 1 at 9, 14.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal ***in state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" Doc. 1 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Plaintiff marked

---

[1] Plaintiff identified this last case only as "4:19-cv-AW-MJF (N.D. Fla.)." See Doc. 1 at 14, VIII(B). The undersigned generously construed this disclosure as identifying Case No. 4:19-cv-491-AW-MJF.

"Yes" and disclosed the following twenty-three federal cases, including the judge assignments and, in some cases the case names and filing dates:

- *Casey v. F.D.O.C.*, No. 2:15-cv-696 (M.D. Fla. Oct. 2015);
- *Casey v. F.D.O.C.*, No. 2:16-cv-821 (M.D. Fla. Jan. 2016);
- *Casey v. Geo*, No. 4:14-cv-151-AW (N.D. Fla.);
- *Casey v. Bondi*, No. 5:14-cv-190-AW (N.D. Fla. May 16, 2017);
- *Casey v. Bondi*, No. 4:17-cv-160-AW (N.D. Fla. May 16, 2017);
- No. 3:13-cv-79-MCR-CJK (N.D. Fla);
- No. 4:14-cv-22-RH-CAS (N.D. Fla.);
- No. 4:17-cv-78-MW-GRJ (N.D. Fla.);
- No. 3:13-cv-461-LC-CJK (N.D. Fla.);
- No. 4:19-cv-229-WS-HTC (N.D. Fla.);
- No. 4:19-cv-490 (N.D. Fla.);
- No. 2:22-cv-55-SPC-MRM (M.D. Fla.);
- No. 3:22-cv-111-HLA-MCR (M.D. Fla.);
- No. 5:14-cv-275-RS-EMT (N.D. Fla.);
- No. 1:17-cv-01108-UNA (D. D.C.);
- 3:22-cv-179 (M.D. Fla.);
- 4:22-cv-69-MW-MAF (N.D. Fla.);
- 3:22-cv-37-HLA-JBT (M.D. Fla.);[2]
- 2:17-cv-14707-RLS (S.D. Fla.);

---

[2] Plaintiff's disclosure had a typographical error and listed this case as 3:22-cv-57-HLA-JBT.

- 1:17-cv-21798-KNW (S.D. Fla. 2017);
- 4:22-cv-69-AW-MAF (N.D. Fla.);
- 4:22-cv-270-AW-MAF (N.D. Fla.);[3] and
- 4:24-cv-102-AW-MAF (N.D. Fla.).

Doc. 1 at 11, 14.

In addition to the foregoing federal cases, Plaintiff disclosed seven cases he filed in the state courts. *Id.* at 11, 14. Plaintiff then hedged his answers by making this disclaimer:

> Notice to the Court: The information of prior litigation is not available because the F.D.O.C. does not allow Plaintiff to store inactive cases. The notes of cases and information are not available Plaintiff maintained due to loss of legal property during retaliation transfer from prison to prison by Defendants. Plaintiff cannot provide any further information.

*Id.* at 14.

At the end of the civil rights complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 1 at 12-13. Thus, Plaintiff has in effect stated that at the time he filed his

---

[3] Plaintiff's disclosure had a typographical error and listed this case number as 4:23-cv-270-AW-MAF.

complaint in this case, he had not filed any other lawsuit or appeal in federal court relating to the conditions of his confinement.

## C.   <u>Plaintiff's Omissions</u>

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his complaint in this case on March 7, 2024, he had filed *at least* two cases that required disclosure.[4] Specifically, on March 21, 2022, Plaintiff filed *Casey v. Fla. State Dep't of Corr.*, No. 4:22-cv-121-WS-MJF (N.D. Fla. Mar. 21, 2022). That was a civil rights case where Plaintiff complained that the FDC was not properly treating his hepatitis C ("HCV"). That case was dismissed on April 26, 2022, under 28 U.S.C. § 1915(g). The dismissal was prior to service. *See Casey v. Fla. State Dep't of Corr.*, No. 4:22-cv-121-WS-MJF, 2022 WL 1224586 (N.D. Fla. Apr. 26, 2022). Plaintiff did not disclose Case No. 4:22-cv-121-WS-MJF in his present complaint. Plaintiff also did not

---

[4] By confining this discussion to two cases, the undersigned does not imply that they are the *only* cases Plaintiff was required, but failed, to disclose. As disclosed in his litigation history, Plaintiff is a three-striker and a prolific filer. Plaintiff has filed several cases in various federal district courts and courts of appeal that he did not disclose. The undersigned will not shoulder Plaintiff's obligation to determine all of the cases he has filed.

disclose his appeal from that case, which Plaintiff voluntarily dismissed less than one year ago. *See Casey v. Fla. Dep't of Corr.*, No. 22-11721-D, 2023 WL 3563067 (11th Cir. Apr. 6, 2023).

Plaintiff's assertion—that he cannot provide any further information about his litigation history because he is not allowed to store inactive cases and because his legal property was lost during prison transfers—is belied by his very detailed listing of several cases—now inactive—that he has filed over the last seven years. Plaintiff fails to explain how his lack of storage and lost legal property prevented him from disclosing Case No. 4:22-cv-121-WS-MJF, but not the other cases he did disclose.

Notwithstanding this contradiction, Plaintiff did in fact have other means of verifying his cases. If Plaintiff's legal documents were not available, Plaintiff could have contacted the relevant clerks of court to determine the cases he had filed so that he could make a full, complete and honest accounting of them.

Notably, Plaintiff has been relying on the same disclaimer—insufficient storage and lost legal property due to transfers—for *over four years*, and he knows that it does not excuse his lack of full disclosure.

Page 11 of 19

Magistrate judges of this court have warned Plaintiff as recently as a year ago that he cannot avoid listing his cases by claiming a lack of storage and lost legal property. *See Casey v. Fla. Dep't of Corr.*, No 4:23-cv-76-WS-MAF (N.D. Fla. Mar. 2, 2023), Doc. 6 at 6 (Order).[5] The magistrate judge in Case No. 4:23-cv-76 notified Plaintiff that he must compile and maintain a list of all of his prior cases so that he can make a full disclosure to the court. *Id*. When Plaintiff received that order—over a year ago—he should have compiled a list of the cases he had filed by contacting the relevant clerks of court.

Additionally, Plaintiff was aware from a different case he filed last year that his failure to disclose Case No. 4:22-cv-121-WS-MJF could be a basis for dismissal. In *Casey v. Proctor*, No. 4:23-cv-58-WS-MAF, Plaintiff failed to disclose the same case he failed to disclose here. The magistrate judge exposed Plaintiff's omission of Case No. 4:22-cv-121-WS-MJF. *See Casey v. Proctor*, No. 4:23-cv-58-WS-MAF, 2023 WL 2633650, at *1 (N.D. Fla. Mar. 8, 2023). The magistrate judge also expressly warned Plaintiff, again, that his proffered excuse was not a valid reason for his failure to

---

[5] *See also Casey v. Trump*, No. 4:19cv229-WS-HTC, 2019 WL 3642576, at *2 (N.D. Fla. July 9, 2019).

keep a list of all cases he has filed. *Id.* at *1. This demonstrates that Plaintiff recently was reminded of the very case he now has failed to disclose again (Case No. 4:22-cv-121-WS-MJF). This also demonstrates that Plaintiff has been on notice for some time that (1) he must keep a list of all cases he has filed; and (2) his proffered excuses for failing to fully disclose his litigation history (lack of storage and loss of legal property) are insufficient. A year's notice has provided Plaintiff ample time to contact the relevant clerks of court for a list of cases he has filed.

## D.    <u>The Materiality of Plaintiff's Omissions</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in

identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 1 at 8. Plaintiff also knew that his proffered excuses were not valid and that he was required to compile and maintain a list of the cases he has filed.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp.

1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

## E.   The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. The court should not allow Plaintiff's false responses to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior civil action; noting that the action fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same where *pro se* prisoner-plaintiff failed to disclose prior habeas petition).

If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form. An appropriate sanction for

Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris*, 498 F. App'x at 964-65 (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the

Complaint form should have known, that disclosure of the relevant prior actions was required"); *Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

This dismissal without prejudice will not preclude Plaintiff from re-filing his claims in a new case once he compiles a list of all cases he has filed and is prepared to list them on the complaint form. The undersigned expresses no opinion on whether the allegations in Plaintiff's complaint are sufficient to overcome § 1915(g)'s bar.

### III.   CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    This   action   be   **DISMISSED**   without   prejudice   for maliciousness and abuse of the judicial process under 28 U.S.C. § 1915A(b)(1).

2.    The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this 25th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The   District   Court   referred   this   case   to   the undersigned   to   make   recommendations   regarding dispositive   matters.** *See* **28   U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen   days   of   the   date   of   the   report   and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections   on   all   other   parties.   A   party   who   fails   to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised   that   if   they   dispute   the   accuracy   of   any judicially-noticed fact, or if they otherwise wish to be heard   on   the   propriety   of   the   court   taking   judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**